J-S33031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JARROD BODZER | |
| Appellant | No. 1557 WDA 2015 |

Appeal from the Judgment of Sentence September 9, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011482-2014

BEFORE:  GANTMAN, P.J., OLSON, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED APRIL 11, 2016**

Appellant, Jarrod Bodzer, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following revocation of his intermediate punishment and probation.  We affirm.

The relevant facts and procedural history of this case are as follows. On June 2, 2014, Appellant broke into the victim's Ford Explorer while it was parked in the victim's driveway.  Appellant took compact discs, approximately ten dollars, and various other items from the center console of the vehicle.  The trial court continues:

> On December 17, 2014, [Appellant] pled guilty to theft from a motor vehicle, his third or subsequent theft offense within five years, a third-degree felony.  [Appellant's] plea violated his probation from prior convictions on January 6, 2012, for two counts of theft from a motor vehicle. Additionally, he had prior convictions from September 23,

_____

*Former Justice specially assigned to the Superior Court.

2013, for theft from a motor vehicle and September 30, 2013, [for] two charges of receiving stolen property. The plea was accepted as entry into the Drug Court Program. [Appellant] was sentenced to 18 months['] intermediate punishment plus 12 months['] probation, under the terms and conditions of the Drug Court Program.

[Appellant] was placed at Alpha House on January 6, 2015. On March 2, 2015, [Appellant] appeared before this [c]ourt for a progress hearing but he absconded later that day. He was arrested on the outstanding warrant on April 6, 2015, and had a **Gagnon I**[1] hearing on April 20, 2015. [Appellant] was returned to Alpha House on May 6, 2015. On June 20, 2015, [Appellant] again absconded from Alpha House. He was arrested on an outstanding warrant on August 1, 2015, and had a **Gagnon I** hearing on August 17, 2015. [Appellant] was not forthcoming on August 21, 2015, when the Probation Office's Drug Court Specialist attempted to reevaluate him[;] therefore, [Appellant] was determined not to be a proper participant in the Drug Court Program.

[Appellant] violated his sentence and appeared before this [c]ourt for a probation [and intermediate punishment] violation hearing and resentencing on September 9, 2015. This [c]ourt determined that [Appellant] had violated his sentence and revoked his admission to the Drug Court Program. This [c]ourt resentenced [Appellant] to a standard range sentence of incarceration for 18 to 36 months.

During the violation hearing, this [c]ourt noted that "[Appellant] has been on uninterrupted supervision from the Allegheny County Adult Probation Office for the past four years. During that time, he was afforded multiple opportunities of treatment. [Appellant] was accepted into Drug Court because he would have benefited from the structured program."

_____

[1] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

(Trial Court Opinion, filed December 17, 2015 at 1-2) (internal citations to the record omitted). On September 18, 2015, Appellant timely filed a motion for reconsideration of sentence. While the motion was pending, Appellant filed a timely notice of appeal on October 8, 2015.[2] On October 28, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). The court entered an order denying Appellant's post-sentence motion on November 2, 2015. Appellant timely filed a Rule 1925(b) statement on November 20, 2015.

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION BY IMPOSING A CLEARLY UNREASONABLE SENTENCE THAT WAS DISPROPORTIONATE TO THE NATURE OF [APPELLANT'S] PROBATION VIOLATIONS AND THE GRAVITY OF THE UNDERLYING OFFENSE?

(Appellant's Brief at 4).

Appellant argues his revocation sentence is disproportionate to the nature of his technical violations of intermediate punishment and probation. Appellant contends he took full responsibility for his actions, apologized to the court, and explained he left the treatment facility only after the director told him he would be forced to leave. Appellant also asserts his sentence is excessive in light of the trifling nature of the underlying theft offense, which

_____

[2] *See* Pa.R.Crim.P. 708(E) (stating motion to modify sentence imposed after revocation shall be filed within ten days of date of imposition; filing of motion to modify sentence will not toll thirty-day appeal period).

Appellant characterizes as a "minor property crime." Appellant concludes this Court should vacate the judgment of sentence and remand for resentencing. Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is excessive challenges discretionary aspects of sentencing).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-34 (Pa.Super. 2013) (*en banc*). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if

they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. ***Commonwealth v. Mann***, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 913. ***See, e.g., Commonwealth v. Malovich***, 903 A.2d 1247 (Pa.Super. 2006) (stating defendant raised substantial question with respect to claim that revocation sentence was excessive in light of underlying technical probation violations).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover***, 909 A.2d 321 (Pa.Super. 2006). Revocation of intermediate punishment is treated similarly to revocation of probation for purposes of appellate review. ***See Commonwealth v. Philipp***, 709 A.2d

920 (Pa.Super. 1998). In either case, the trial court "possesses the same sentencing alternatives that it had at the time of initial sentencing." *Id.* at 921. Following revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. *See* 42 Pa.C.S.A. § 9771(c).

Instantly, Appellant did not object to his sentence at the revocation hearing. In his post-sentence motion, Appellant failed to raise his challenge to his sentence as excessive due to the minor, nonviolent nature of the underlying theft offense. Therefore, that challenge is waived. *See Mann, supra*. Nevertheless, Appellant properly preserved his claim that the court imposed an excessive sentence in light of Appellant's technical violations of intermediate punishment and probation, which does present a substantial question. *See Malovich, supra*.

Here, the court provided the following rationale for its sentencing decision:

> [Appellant] had been provided an opportunity to participate in the Drug Court Program. [Appellant] was provided many chances to remain in the Drug Court Program, but he failed to take advantage of them. The record indicates that this [c]ourt properly considered the facts of the crime and the character of the offender before imposing a new sentence. [Appellant's] behavior indicated that it is likely that he would commit another offense if he

was not imprisoned.

Furthermore, a sentence of confinement was necessary to vindicate the authority of the [c]ourt. [Appellant] repeatedly absconded from treatment programs and failed to comply with the terms of the Drug Court Program. Incarceration is proper where technical violations are flagrant and indicative of an inability to reform.

The maximum sentence for the conviction was 7 years['] incarceration. [Appellant's] violation sentence of 18 to 36 months was not illegal. … At the instant…revocation sentencing, this [c]ourt was authorized to impose any sentence that could have been imposed when [Appellant] was first convicted and sentenced.

This [c]ourt's standard range sentence of 18 to 36 months [of incarceration] with credit for time served was not manifestly excessive, unreasonable or an abuse of discretion.

(Trial Court Opinion at 3-4). We accept the court's analysis and see no reason to disturb the sentence imposed. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2016

- 7 -